**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4356**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRADLEY WINFIELD DAVIS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Stephanie D. Thacker, Circuit Judge, sitting by designation.  (1:19-cr-00566-SDT-1)

Submitted:  December 21, 2020                     Decided:  January 21, 2021

Before FLOYD and QUATTLEBAUM, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Eugene E. Lester III, SHARPLESS MCCLEARN LESTER DUFFY, PA, Greensboro, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Nicole R. DuPre, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bradley Winfield Davis appeals the 24-month sentence imposed after he pleaded guilty to possession of a stolen firearm, in violation of 18 U.S.C. § 922(j), 924(a). On appeal, Davis challenges the district court's application of the abuse of a position of trust enhancement. *See* U.S. Sentencing Guidelines Manual § 3B1.3 (2018). We affirm.

We review "the district court's factual findings that support the enhancement for abuse of a position of trust" for clear error and the court's legal conclusions de novo. *United States v. Caplinger*, 339 F.3d 226, 235 (4th Cir. 2003). Pursuant to USSG § 3B1.3, a district court should apply a two-level enhancement in offense level if the defendant abused a position of public or private trust "in a manner that significantly facilitated the commission or concealment of the offense." The commentary to that section explains that a position of public or private trust is characterized by managerial discretion and is subject to less supervision than employees whose positions do not involve such discretion. USSG § 3B1.3 cmt. n.1.

The "central purpose" of the enhancement "is to penalize defendants who take advantage of a position that provides them with the freedom to commit a difficult-to-detect wrong." *United States v. Brack*, 651 F.3d 388, 393 (4th Cir. 2011) (internal quotation marks omitted). "Whether a defendant held a position of trust must be assessed from the perspective of the victim." *United States v. Abdelshafi*, 592 F.3d 602, 611 (4th Cir. 2010). Here, because the record adequately reflects that Davis, as a United Parcel Service supervisor, held a position of trust and used the freedom and discretion afforded by that

2

position to facilitate his offense, we discern no error in the court's application of the abuse of trust enhancement.

Accordingly, we affirm the court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*